**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3302-18T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

        v.

THOMAS REED, a/k/a
THOMAS REID, THOMAS
RIED AND DAVID RED,

    Defendant-Appellant.

_____

Submitted March 11, 2020 – Decided March 25, 2020

Before Judges Koblitz and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 16-03-0596 and 16-06-1161.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael Timothy Denny, Assistant Deputy Public Defender, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (William P. Cooper-Daub, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Thomas Reed appeals from the March 25, 2019 order denying his motion to suppress an out-of-court showup identification. The order was entered after the judge analyzed the facts under State v. Henderson, 208 N.J. 208 (2011), pursuant to our remand. See State v. Reed, No. A-5048-16 (App. Div. Jan. 15, 2019) (slip op. at 3-6). The same judge who tried the case originally carefully reconsidered the evidence elicited at the earlier hearing, applying the "system and estimator variables" required by Henderson, 208 N.J. at 288-289. We now affirm.

As we stated in our earlier opinion:

> Defendant appeals after a jury convicted him of second-degree robbery, an attempted theft by threat, N.J.S.A. 2C:15-1(a)(1), third-degree possession of drugs, N.J.S.A. 2C:35-10(a)(1), second-degree witness tampering, N.J.S.A. 2C:28-5(d), and the disorderly persons offense of hindering apprehension, N.J.S.A. 2C:29-3(b)(1). On May 12, 2017, the court sentenced him to an aggregate term of twenty years, with twelve years and nine months of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. He received concurrent terms on three unrelated convictions stemming from three additional indictments.
>
> [Reed, slip op. at 2 (footnote omitted).]

A-3302-18T3

The victim of the attempted robbery identified defendant shortly after the incident at a showup, when the victim was in a police car and defendant was in handcuffs. Defendant raises the following issue on appeal:

> POINT I: THE TRIAL COURT ERRED BY ADMITTNG THE OUT-OF-COURT IDENTIFICATION BECAUSE IT WAS A SHOWUP CONDUCTED IN AN UNDULY SUGGESTIVE MANNER, AND BECAUSE THE WITNESS DID NOT RECEIVE ANY OF THE INSTRUCTIONS DESIGNED TO IMPROVE RELIABILITY.

The court found, based on the transcript of the police officer's testimony, that the victim was told prior to the showup "that someone was stopped matching the description that he gave, but that the person may or may not be the perpetrator." The officer testified:

> Q: Can you please generally [describe] what a showup is?
>
> A: When you advise the victim that someone is stopped, matching the description that he gave, but he needs to know that he may or may not be the person involved in the incident.
>
> Q: Did you explain to [the victim] what you've explained to us?
>
> A: Yes.

A-3302-18T3

Later the officer testified he had no discussion with the victim about the identification in the patrol car. We defer to the court's factfinding in sorting out this apparent inconsistency. State v. Handy, 206 N.J. 39, 44 (2011).

Although a showup is "inherently suggestive," Henderson, 208 N.J. at 261, it is not per se impermissible evidence. Having reviewed the judge's detailed analysis placed on the record on March 1, 2019, we now affirm substantially for the cogent reasons expressed by the trial court.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3302-18T3